# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00153-MR
# (CRIMINAL CASE NO. 1:14-cr-00080-MR-DLH-1)

| | |
|---|---|
| MATTHEW DONTE YOUNG, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion to Vacate Sentence under <u>Sessions v. Dimaya</u>, No. 15-1498 under 28 U.S.C. § 2241" [Doc. 1] and Petitioner's "Motion for Appointment of Counsel" [Doc. 2].

## I.   BACKGROUND

Petitioner pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:14-cr-80 ("CR"), Doc. 18: Acceptance and Entry of a Guilty Plea]. The Presentence Investigation Report ("PSR") calculated an enhanced base offense level of 24 pursuant to U.S. Sentencing Guidelines § 2K2.1(a)(2), based on the fact that Petitioner committed the § 922(g) offense after sustaining two felony

convictions for crimes of violence, i.e., North Carolina common law robbery and North Carolina breaking or entering. [CR Doc. 25 at ¶¶ 11, 34, 36: PSR].

Prior to Petitioner's sentencing, the United States Supreme Court decided Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Court held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague. At sentencing, Petitioner argued that his North Carolina common law robbery conviction does not qualify as a § 2K2.1 predicate offense under Johnson. The Court rejected Petitioner's argument and sentenced him within the advisory Guidelines range. [CR Doc. 37 at 12, 19, 32: Sentencing Transcript]. The Fourth Circuit Court of Appeals affirmed the conviction and sentence in an unpublished opinion on April 25, 2016. United States v. Young, 639 F. App'x 185 (4th Cir. 2016).

Petitioner filed a *pro se* § 2255 Motion to Vacate raising a Johnson claim in September 2016. [Civil Case No. 1:16-cv-00303-MR, Doc. 1]. The Court held Petitioner's motion in abeyance pending the Supreme Court's decision in Beckles v. United States, 137 S.Ct. 886 (2017). Once the Supreme Court decided Beckles, holding that the Guidelines are subject to vagueness challenges, this Court denied Petitioner's § 2255 motion. Young v. United States, 2017 WL 3496455 (W.D.N.C. Aug. 15, 2017).

Petitioner then filed the instant *pro se* motion. In his motion, Petitioner argues that in light of Sessions v. Dimaya, 138 S. Ct. 1204 (2018), his prior North Carolina conviction for breaking or entering is not a "crime of violence," and that therefore he should be resentenced without the § 2K2.1 enhancement.[1]

## II. DISCUSSION

### A. § 2241 Motion

Although Petitioner's motion cites § 2241 as the basis for relief, the motion attacks the legality of the sentence and is, therefore, in the nature of a § 2255 Motion to Vacate. Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

---

[1] In Dimaya, the Supreme Court held the residual clause of the criminal code's definition of a "crime of violence" set forth in 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's ("INA") definition of an "aggravated felony," is unconstitutionally vague. Dimaya, 138 S.Ct. at 1204.

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider a successive application. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to the so-called "savings clause," a petition attacking a federally-imposed sentence may be filed under 28 U.S.C. § 2241 instead of § 2255 where the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is deemed inadequate or ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply

4

retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), r'hng denied, June 11, 2018. Section 2255 is not considered "inadequate or ineffective" merely because an individual is unable to obtain relief under that provision. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The petitioner bears the burden of presenting evidence that affirmatively shows that the § 2255 remedy is inadequate or ineffective. See Hood v. United States, 13 F. App'x 72 (4th Cir. 2001).

     Petitioner's attempt to rely on the § 2255(e) savings clause is unavailing, as Petitioner cannot demonstrate that a retroactive change in law rendered his sentence fundamentally defective. Petitioner argues that he does not qualify for an enhanced base offense level pursuant to U.S. Sentencing Guidelines § 2K2.1 because his prior North Carolina conviction for breaking or entering is not a "crime of violence" in light of the Supreme Court's ruling in Dimaya. Petitioner's argument, however, is squarely foreclosed by Beckles. Dimaya provides no relief because it addresses federal statutes rather than the advisory Guidelines and does not call
5

Beckles into doubt. See generally United States v. Godoy, 890 F.3d 531, 540 (5th Cir. 2018) (holding that the Guidelines § 2L1.2(b)(1)'s cross-reference to § 16(b) is "constitutionally inoffensive"); United States v. Sanchez-Rojas, 889 F.3d 950, 952 (8th Cir. 2018) (upholding Guidelines § 2L1.2(b)(1)(C)'s "aggravated felony" enhancement notwithstanding its incorporation of the § 16(b) "crime of violence" definition because the Guidelines are not amenable to vagueness challenges); see, e.g., Nobrega v. United States, No. 1:10-cr-00186-JAW, 2018 WL 2100582, at *6 (D. Me. May 7, 2018) (rejecting petitioner's vagueness challenge to Guidelines § 2K2.1(a)(1) because "Dimaya … does not undermine the distinction in Beckles between statutes and discretionary guidelines.").

Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and the savings clause does not permit him to avoid § 2255's bar on successive petitions. Accordingly, the Court will construe his present motion as a second or successive motion to vacate pursuant to 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United

States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255.  Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition.  See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals.").  Accordingly, this successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

> **B.    Motion for Appointment of Counsel**

Petitioner further requests the appointment of counsel on the grounds that he is indigent and has a "winning claim" pursuant to Dimaya.  [Doc. 2 at 1].

There is no constitutional right to the appointment of counsel in a post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing.  The Court may also appoint counsel to a financially

7

eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B).  The Court finds that Petitioner has not shown that appointment of counsel is appropriate and will deny Petitioner's Motion for Appointment of Counsel.

**III.    CONCLUSION**

For the foregoing reasons, Petitioner's motion is construed as a motion to vacate pursuant to 28 U.S.C. § 2255 and is therefore dismissed as an unauthorized successive petition.  Further, Petitioner's motion for the appointment of counsel is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion to Vacate Sentence under <u>Sessions v. Dimaya</u>, No. 15-1498 under 28 U.S.C. § 2241" [Doc. 1] is construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and is **DISMISSED** as an unauthorized successive petition.

2. Petitioner's "Motion for Appointment of Counsel" [Doc. 2] is **DENIED.**

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 23, 2018

Martin Reidinger
United States District Judge