IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-CR-80-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MATTHEW DONTE YOUNG | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court on March 20, 2023 for an inquiry into the status of counsel. This Order memorializes and supplements the Court's oral ruling issued at the conclusion of that hearing.

I. Relevant Procedural Background

In 2015, Defendant pled guilty to one count of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment of 90 months and a term of supervised release of 3 years. Doc. 31.

On March 10, 2022, a Petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. Doc. 57.

On November 21, 2022, Defendant made his initial appearance and requested that counsel be appointed for him. The request was granted, and Attorney Ted Besen was assigned to represent Defendant.

1

On November 23, 2022, Defendant waived a preliminary hearing and an immediate detention hearing and was ordered detained pending further proceedings. Docs. 63, 64, 65.

On February 6, 2023, Defendant submitted a letter to the presiding District Judge requesting that new counsel be appointed for him. Doc. 68.

An inquiry into the status of counsel was held on February 27, 2023, at which time Mr. Besen advised generally that he represents Defendant on related state charges and that Defendant had been frustrated with being in custody for some time, but that he believed things had been worked out and they were ready to move forward. Defendant himself confirmed that the issues raised in his letter had been resolved and he agreed for Mr. Besen to continue representing him. Defendant's request for new counsel was therefore denied as moot.

On March 13, 2023, Defendant submitted a new letter, this one addressed to the undersigned, which again requested new counsel. Doc. 72.

An inquiry into the status of counsel was held on March 20, 2023. Assistant United States Attorney John Pritchard appeared for the Government and Mr. Besen appeared with Defendant. At the beginning of the hearing, Mr. Besen indicated that he believed his relationship with Defendant had deteriorated and that it was best for Defendant to have new counsel at this time. In that connection, Mr. Besen made an oral Motion to Withdraw.

The Government did not take a position on the Motion.

Mr. Besen did not request that the courtroom and record be sealed and the undersigned then heard further from Mr. Besen and Defendant in open court.

## II. Legal Standard

In evaluating a motion to withdraw, it is appropriate to consider the following factors: 1) the timeliness of the motion; 2) the reasons given as to why counsel's representation of the defendant should not continue; and 3) whether the conflict between the defendant and counsel is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

## III. Discussion

Here, the oral Motion to Withdraw is timely. As noted, Defendant made his initial appearance on the Petition on November 21, 2022 and shortly thereafter waived an immediate detention hearing and a preliminary hearing. A final revocation hearing has not been scheduled at this time.

With regard to the basis for the disruption in the attorney-client relationship between Mr. Besen and Defendant, Defendant's letter states that even though Defendant "thought we had everything worked out" following the February 27, 2023 hearing, "clearly we don't." Defendant proceeds to allege there has been a lack of communication regarding his matter, and to state that

he recently "wrote the bar on [Mr. Besen]." During the hearing, Mr. Besen did not respond in detail to Defendant's allegations, and stated that he had not received word from the State Bar of any report or complaint by Defendant, but indicated he agreed that Defendant should have new counsel, and, as noted, moved orally for leave to withdraw.

In some respects, this matter presents a close call. The Petition was filed in March of 2022 and Defendant may be frustrated that his case is not moving as quickly as he would like. However, no continuance requests have been made by the Government or defense counsel, and the record does not otherwise indicate that defense counsel's handling of this case has caused any delay.

In addition, Mr. Besen presumably is well-acquainted with Defendant's matter, as he represents him on related state charges.

Further, the primary dispute appears to center around communication issues which, the Court was advised on February 27, had been resolved.

Yet, it does appear that significant communication problems remain and, therefore, having closely considered Defendant's letter and Mr. Besen's oral Motion to Withdraw, the undersigned concludes that a change of counsel is appropriate.

Accordingly, Mr. Besen's oral Motion to Withdraw and Defendant's request (to the extent it may be construed as a request for the appointment of new counsel) are **GRANTED**, Mr. Besen is **WITHDRAWN** as counsel of record,

4

and the Office of the Federal Defender is respectfully **DIRECTED** to assign new counsel for Defendant.

To the extent Defendant's request may be construed as seeking other relief, including the expedited scheduling of further proceedings, the request is **DENIED** as Defendant is represented by counsel. See LCrR 47.1(g).

It is so ordered.

Signed: March 21, 2023

W. Carleton Metcalf
United States Magistrate Judge